UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| REV. NIGEL M. REID, Sr. | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-40 |
| | ) | |
| OTTO PURKEY, RONALD INMAN, | ) | |
| R. JACK FISHMAN, ROBERT MOORE, | ) | |
| CHRISTIAN NEWMAN, EDDIE DILBACK, | ) | |
| JAMES COFFIE, BRAD CRAWFORD, | ) | |
| VICTOR VON, JAMES (JIM) CRUMLEY, | ) | |
| BOBBY SMITH, DANNY LAUGHNERS, | ) | |
| ROGER OVERHOLT, GARY KILGORE, | ) | |
| DOUGLAS BEIER, C. BERKELEY BELL, | ) | |
| CITIZEN TRIBUNE, HAMBLEN | ) | |
| COUNTY SHERIFF'S DEP'T, CITY OF | ) | |
| MORRISTOWN POLICE DEP'T, | ) | |
| BENJAMIN STRAND, CLIFTON | ) | |
| BARNES, and GREG EICHELMAN[1] | ) | |

## MEMORANDUM

The Reverend Nigel M. Reid, Sr., a former prisoner and unsuccessful candidate for

an at-large seat on the Morristown, Tennessee City Council, brings this *pro se* civil rights

complaint for damages under 42 U.S.C. § 1983 against twenty-three defendants. Among the

defendants are a state court judge, an acting state-court judge, several governmental officials

or employees, the Citizen Tribune (a Morristown newspaper), and two newspaper employees.

Pending before the Court are multiple motions—all but one filed by the defendants. For

---

[1]    Because the defendants' names were misspelled in the complaint, the Court has
supplied the spelling used in the defendants' pleadings and motions.

purposes of discussion those motions have been divided into categories.

## I. **Dispositive Motions**

Each defendant has filed a motion to dismiss and/or a motion for summary judgment.[2] (Docs. 9, 12, 14, 18, 52, 56, and 58). The plaintiff opposes those motions. (Docs. 21, 47, 48, 49, 50, 51, and 55[3]).

### A. **Standards of Review**

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(C). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Though the burden of establishing there is no genuine issue of material fact lies upon the moving party,

---

[2] Some of the dispositive motions have been filed alternatively as motions for a more definite statement. Because all but one of the dispositive motions will be granted in toto, the Court need consider only one alternate motion for a more definite statement.

[3] Docket Entry number 55 is a filing by the plaintiff which is entitled "Motion to Amend my Complant/Responce." Combining a motion to amend and a response in one submission is not only a procedural misstep, but it also confounds the Court's electronic filing system which recognizes the submission only as a motion. This in turn makes the Court's task of monitoring the case and acting on pending motions more difficult. Be that as it may, the plaintiff's motion to amend has been denied (Doc. 61, Order of Sept. 5, 2005), but his *pro se* "Responce" is still pending before the Court.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986), the nonmoving party cannot rest upon mere allegations or denials in its pleadings, but must come forward with "specific facts" to show there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586-87. Summary judgment is appropriate if a court concludes that a fair-minded jury could not return a verdict in favor of a plaintiff based on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

A motion to dismiss will be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the most favorable light to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). If matters outside the pleadings are presented to and not excluded a motion to dismiss for failure to state a claim must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

B. **Discussion**

The dispositive motions will be addressed separately and in the order in which they were filed.

1. *Motion to Dismiss [Defendants James Crumley, Roger Overholt, Gary Kilgore, Morristown Police Department, Christian Newman, and Eddie Dilbeck]* (Doc. 9).

The plaintiff has alleged, in his complaint, that defendant officers James Crumley, Roger Overholt, and Gary Kilgore knew that defendant officers Eddie Dilbeck and Christian Newman had filed false charges on him. Context for these claims is provided in the

pleadings. (Doc. 18, Attachments).

On March 29, 2005, the plaintiff was convicted in the General Sessions Court of Hamblen County, Tennessee of stalking and, subsequently, he was ordered to stay 1/3 mile from the victim, as well as the victim's place of business, the Red Top Cab Company. (*Id.*, Affidavit of Complaint). Shortly afterwards, the plaintiff was released from his 35-day pretrial confinement.

On March 31, 2005, the victim called 911 to report that he had spotted the plaintiff outside his business. The officers who responded to the 911 call found the plaintiff behind the Red Top Cab Company, within 45 feet of the victim. They arrested him for stalking and for violation of a restraining order. Later, pursuant to his guilty plea, the plaintiff was convicted of those offenses in the Hamblen County General Sessions Court, receiving two consecutive 6-month sentences of confinement in the county jail. (*Id.*, Judgment/Order).

The defendants argue, in their motion, that the plaintiff has failed to state a claim against them because his contentions are "an incoherent collection of names, words, and dates."[4] (Doc. 9).

In response to the defendant's motion, the plaintiff suggests that it is *he* who is the

---

[4] The claim involving these defendants reads: " James (Jim) Crumley, Chief Roger Overholt, Gray Kilgore, know fully that Officer Eddie Dilbeck, Dective. Sgt. Christian Newman filed fals charges on me. Officer Dilbeck on or about 2- 22-05 Dec. Sgt. Newman on or about 3-31-05 Plus Dec. Sgt Newman called my P.O. Ronna Inman around April 15, 05 I'm not sure of the exact date But it was in April. She told my P.O. that I was stocking her while I was in Jail. Eddie Dilbeck arrested me for a wooden stick off of South Crumberlan St. Hamblen County Jail Sex Discrimation age Discrimation." (Compl, § IV STATEMENT OF CLAIM, ¶ 2).

true victim because the victim threatened his life and used a racial epithet against him in 2004. Furthermore, he believes himself to be the true victim because he too called 911 to report those threats, but the police did not respond to *his* calls or arrest the victim, whereas, the police not only responded to the victim's 911 call in 2005, but also arrested him [the plaintiff]. (Doc. 21). In addition, the plaintiff faults defendant Newman for taking photographs, later presented at trial, which depicted the plaintiff waving at the officers from across the street (from the cab company?), with a wooden sword at his side. The plaintiff further charges that defendants James Crumley, Greg Kilgore, Roger Overholt, and the Morristown Police Department knew about this problem, as well as other unidentified problems, because he has been reporting those problems for years to the City Counsel.

The defendants are somewhat correct in arguing that the plaintiff's claims against them, as those claims are pled in the complaint, are "an incoherent collection of names, words, and dates." More important, they are correct in suggesting that the plaintiff has failed to state a claim against them.

It is well-recognized law that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

If the plaintiff were to prevail against the defendants on his allegations that they filed false charges against him; his contentions that they arrested him merely for carrying a "wooden stick;" or his challenge to a photograph taken by one defendant and introduced at his trial, this would necessarily imply that his conviction was invalid. The plaintiff does not allege, and it does not appear, that his conviction has been ruled invalid. In short, because he has suffered no cognizable injury at this time, his § 1983 claim for damages cannot stand.

Moreover, any allegations as to defendants' actions or failures to act in 2004 would be barred by the one-year statute of limitations which applies to § 1983 civil rights actions filed in Tennessee. This is so because the one-year limitations period for claims arising in 2004 would have ended, at the latest, on December 31, 2005 and because this case was filed on February 21, 2006, well after the lapse of the statutory time period.

Because matters outside the pleadings have been considered, the Court has treated the motion to dismiss as a summary judgment motion, *see* Fed. R. Civ. P. 12(b), and now finds that no material facts are genuinely in dispute and that the defendants are entitled to summary judgment.

2. *Motion to Dismiss [Defendants C. Berkeley Bell and Victor Von]* (Doc. 12).

The plaintiff has alleged that, on May 22, 2005, defendant C. Berkeley Bell, the District Attorney, with the help of his assistant, defendant Victor Von, tried very hard either to keep him in jail or to send him to prison.

These two defendants assert that the claims against them are barred by three different

types of immunity—Eleventh Amendment, prosecutorial, and sovereign. The plaintiff has responded to the motion, arguing that he can show that the defendants violated his rights under the Constitution, as well as state law, and that they conspired against him. (Doc. 47). The conspiracy claim was not made in the complaint but, at any rate, none of these arguments have any relevance to the immunity issue.[5]

The Eleventh Amendment bars suits in federal court against a state, with three exceptions – where a state consents to suit, *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73), where Congress abrogates a state's immunity, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996), or where a plaintiff seeks prospective relief against a state official for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). None of these exceptions apply here. The State of Tennessee has not consented to suit, *see Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986); Congress has not abrogated this immunity by enacting § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979); and the plaintiff seeks only damages—not prospective relief. Thus, Tennessee, its agencies, and its employees (like the defendant prosecutors—sued in their official capacities), *Will v. Michigan Dep't of State Police*, 491 U.S. 56, 71 (1989), are immune from monetary liability in this action.

---

[5] Even if the conspiracy allegations were relevant, they are vague and conclusory and, therefore insufficient to state a claim under § 1983 against these defendants. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

Moreover, it is well-settled that prosecutors, acting within the scope of their duties in initiating and pursuing a criminal prosecution and presenting the state's case, also enjoy absolute immunity from a civil suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). These defendant prosecutors were performing the duties of their office by "trying hard" to send the plaintiff—a criminal accused—to jail and, thus, even if they conspired in some unspecified way against him, they enjoy prosecutorial immunity from this lawsuit. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003) (citing *Mowbray v. Cameron Co., Tex.*, 274 F.3d 269, 276 (5th Cir. 2001)).

Accordingly, this particular motion to dismiss will be granted based on grounds of immunity.

3. *Motion to Dismiss [Defendants Clifton Barnes and Gregg Eichelman]* (Doc. 14).

According to the complaint, defendants Greg Eichelman and Clifton Barnes, failed to send out the plaintiff's subpoenas ("sappenas") or to question defendant Newman as to how she could swear out a warrant outside the presence of his attorneys. The Court infers that the plaintiff is asserting that these defendants represented him during his state judicial criminal proceedings and that they mishandled his case or performed inadequately by failing to mail certain subpoenas and by failing to ask a witness a specific question during cross-examination.

Defendants Eichelman and Barnes argue, in their motion, that the plaintiff has failed to state a claim against them because they are, respectively, a public defender and an assistant

district public defender and because a public defender does not act under color of state law when defending an accused. The plaintiff has responded to this motion by making the same arguments he made in response to the previous motion (i.e., that he can prove claims of conspiracy and violations of his rights under the Constitution and state law) (Doc. 48), but these arguments likewise have no bearing on the state-actor question.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege he has been deprived of a right, privilege, or immunity secured by the Constitution of the United States and that the person causing the deprivation was acting under color of state law. *Flagg Bros. V. Brooks*, 436 U.S. 149, 155-57 (1978). Here, it is the second element which is missing because, as the defendants correctly assert, a public defender is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law when performing traditional function of counsel to defendant in state criminal proceedings). Thus, the complaint fails to state a constitutional claim against these defendants. It is also frivolous because, with respect to the claims against these defendants, it lacks an arguable basis in law which would entitle the plaintiff to relief under Section 1983.

4. *Motion to Dismiss [Defendant Benjamin Strand]* (Doc. 18).

The complaint alleges that, on May 22, 2005, defendant Benjamin Strand prosecuted the plaintiff falsely.

Defendant Strand asserts, in his combined motion to dismiss and answer to the

complaint, that the case should be dismissed for several reasons, one of which is that he enjoys judicial immunity.  After pointing out that May 22, 2005 fell on a Sunday (a day, presumably, when the courthouse was closed and court was not in session), Judge Strand asserts that the plaintiff did appear before him on a matter on *June* 22, 2005—not *May* 22nd, while he was acting as Judge of the General Sessions Court for Hamblen County, Tennessee. Because there are copies of the state court record attached to the motion (Doc. 18, Attachments), the Court will treat it as a motion for summary judgment.  Fed. R. Civ. P. 12(b).

A judge performing his judicial functions enjoys absolute immunity from lawsuits for monetary damages.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994).  Presiding over criminal cases, accepting guilty pleas, and sentencing a misdemeanant to terms of incarceration lies within the scope of Judge Strand's jurisdiction.  There is no contention to the contrary.  Therefore, because  no material facts are genuinely in dispute as to Judge Strand's judicial immunity from this suit, he is entitled to summary judgment.

5. *Motion to Dismiss [Defendants Otto Purkey, Ronald (Rookie) Inman, James Coffie, Brad Crawford, Bobby Smith, Danny Laughners, and the Hamblen County Sheriff's Department]* (Doc. 52).

In the complaint, the plaintiff states his claims against these defendants thusly:

Sheriff Otto Purkey and his asst. head Jailer Ronald "Rookie" Inman know from my writen statements and verble complants that officer Bobby Smith, James Coffey pepperd spraye more then one time and was harassed by Brad Crawford in wich happen on or aout 5-9-05-513-2005, Hamblen County Jail. Sex Discrimation age Discrimation (Compl., § IV STATEMENT OF CLAIM, ¶ 1).

In their motion to dismiss and accompanying brief (Docs. 52, 53), these defendants ask the Court to dismiss the complaint as to them on the basis that the plaintiff has not stated a claim upon which relief may be granted. They are correct that the allegations against defendants Purkey and Inman (i.e., that they know that the plaintiff was sprayed with pepper spray more than one time and was harassed—which the complaint characterizes as sex and age discrimination) are insufficient to state a claim. There is not a single allegation that remotely relates to a claim for either age-based or gender-based discrimination. Contentions which are merely conclusory do not state a claim entitling the plaintiff to § 1983 relief. *See Morgan v. Church's Fried Chicken*, 829 F.2d. 10, 12 (6th Cir. 1987).

Moreover, the allegations against defendants Smith, Coffie and Crawford concerning pepper spray and harassment, as pled in the complaint, do not state a claim either. Spraying an inmate with chemical spray is not *per se* a constitutional violation. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996); *see also Esters v. Steberl*, 93 F3d. Appx. 711, *713, 2004 WL 406191, *2 (6th Cir. Mar. 2, 2004) (use of pepper spray not unreasonable *per se*). And,

the Constitution does not protect an inmate from being harassed by a guard. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not amount to punishment under the Eighth Amendment).

However, the allegations in the response are more enlightening as to what the plaintiff is actually contending. In the response, the plaintiff maintains that defendant Bobby Smith punched him in the nose and sprayed him with pepper spray until the cannister was empty and that the pepper spray remained on his face for four days, until he was able to get out (of the drunk tank?) and get some "opnen" (ointment?) from the nurse to take the dead skin off his face and "sude" (soothe?) his pain. He also alleges that defendant Danny Laughners used an illegal choke hold on him; knocked him unconscious; and threw him in the drunk tank on his right shoulder and, perhaps, broke his collar bone. According to a liberal reading of the plaintiff's submissions, it was these events of which defendants Purkey and Inman were aware; about which they were unconcerned; and to which they did not respond when reported by the plaintiff.

Under the rules of notice pleading, a complaint need only put a party on notice of the claim being asserted against it. A complaint can only be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Because the plaintiff's pleadings, as they pertain to these four defendants, do not fall within that category, the motion to dismiss will be denied as to them.

The same cannot be said about the allegations against the other defendants. One of the named defendants, the Hamblen County Sheriff's Department ("HCSD"), is a non-suable entity. This is so because the HCSD has no legal or corporate existence apart from Hamblen County and, hence, is not a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate."). Therefore, the motion will be granted as to this defendant.

Another defendant, James Coffie, is alleged to have sprayed the plaintiff in his cell with pepper spray on one occasion. As noted, merely spraying an inmate with chemical spray is not a constitutional violation *per se*, and there is nothing in the pleadings to suggest that the use of pepper spray by defendant Coffie was unreasonable.

A third defendant, Brad Crawford, is claimed to have thrown water on the plaintiff four or five times, underneath the drunk tank door.

The Eighth Amendment's Cruel and Unusual Punishments provision is violated by the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To show that the behavior complained of amounted to an unnecessary and wanton infliction of pain, the plaintiff must demonstrate that the defendant's action was taken maliciously and sadistically for the very purpose of causing him harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). However, a *de minimus* use of physical force is not constitutionally

significant, so long as it is not the type of force that is "repugnant to the conscience of mankind." Id. at 9-10 (citations omitted).

The plaintiff's allegation, taken as true, may show unprofessional and ill-advised conduct on the part of defendant Crawford, but, absent any contentions to show that it was malicious and sadistic, or more than a *de minimus* use of force "repugnant to the conscience of mankind," it does not show a constitutional infringement. *See Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998).

Because the plaintiff has failed to state a claim against these three defendants entitling him to relief under § 1983, the motion to dismiss as it relates to them will be GRANTED.

6. *Motion to Dismiss [Defendants Citizen Tribune, R. Jack Fishman, and Robert Moore]* (Doc. 56).

With respect to these defendants, the plaintiff alleges that, on or about February 23 or 24 of 2005, defendant R. Jack Fishman allowed defendant Robert Moore, a newspaper reporter, to state that the plaintiff was in a psychiatric or mental ("Phickormintal") hospital, though neither the plaintiff nor his doctor gave permission to publish this information. The Court infers that the plaintiff is implying that the complained of statement was published in the Citizen Tribune. According to the complaint, the above actions were taken in violation of the plaintiff's rights under HIPPA (Health Insurance Portability and Accountability Act of 1996).

In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information

14

(in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. However, defendants Citizen Tribune, Fishman, and Moore are not "covered entities" because they are members of the media—not a health plan, a health care clearinghouse, or health care provider. *See* 45 C.F.R. §160.103. Additionally, HIPPA regulations do not confer a private right of action on an individual. The plaintiff's only remedy for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, thorough the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. For these reasons, the plaintiff fails to state a claim against these defendants for the alleged infringement of his HIPPA privacy rights.

To whatever extent the complaint can be read as asserting a claim against these defendants under § 1983, any such a claim would likewise fail because the plaintiff has made no allegations to satisfy the "state actor" element of a valid § 1983 claim against defendant newspaper, its publisher, or its reporter. *See Idema v. K. Wagner*, 120 F.Supp. 2d 361, 369 (S.D.N.Y.2000), *aff'd*, 2002 WL 243119 (2nd Cir., Feb. 15, 2002) (private newspaper not acting under color of state law by publishing newspaper articles).

Therefore, the motion to dismiss brought by defendants Citizen Tribune, Fishman and Moore will be GRANTED.

7. *Motion to Dismiss and/or Motion for Summary Judgment [Defendant Douglas Beier]* (Doc. 58).

The plaintiff's sole allegation against defendant Douglas Beier is that, on March 31, 2005, he prosecuted the plaintiff falsely.

Because defendant Beier has submitted a brief and his own affidavit in support of his dispositive motion, (Doc. 59 and Exh. 1), the motion will be addressed as one for summary judgment. Fed. R. Civ. P. 12(b). In his affidavit, defendant Beier testifies that he was asked to sit as designated Judge of the Hamblen County General Sessions Court during Judge Joyce Ward's absence; that his only contact with the plaintiff occurred when he presided over cases in which the plaintiff was a party; and that he was not involved in the plaintiff's prosecution. He invokes judicial immunity as a bar to the plaintiff's claims.

The plaintiff has responded to the motion (Doc. 50), but, once again, the arguments he advances have absolutely no bearing on judicial immunity–the only issue at hand.

As noted earlier, a judge enjoys absolute immunity from a suit for damages when performing his judicial functions–one of which is presiding over cases. *Mireles*, 502 U.S. at 9-10. Defendant Beier, who was acting within the scope of his jurisdiction as General Sessions Court Judge by presiding over the plaintiff's case, is entitled to judicial immunity for the acts complained of.

Accordingly, because there is no genuine dispute about the immunity issue, he likewise is entitled to and will be GRANTED summary judgment.

## II.  **Other Motions**

A.  **Motion for a More Definite Statement** [*Defendants Otto Purkey, Ronald (Rookie) Inman, Bobby Smith, and Danny Laughners*] (Doc. 52).

The Court will consider the motion for a more definite statement, made in the alternative, because the motion to dismiss filed by these defendants will be denied.  The Court agrees with the defendants that the complaint, as it relates to them, contains the defects indicated in their supporting brief (Doc. 53) and that it lacks relevant details.  Therefore, their motion for a more definite statement will be GRANTED, to the extent that the plaintiff's response to the motion has not corrected those defects by supplying the missing details.

B.  **Motions for an Extension of Time to Answer/Respond** [*Defendants James Crumley, Roger Overholt, Gary Kilgore, Morristown Police Department, Christian Newman and Eddie Dilbeck*] (Doc. 4); [*Defendants Otto Purkey, Ronald (Rookie) Inman, James Coffie, Brad Crawford, Bobby Smith, Danny Laughners, and the Hamblen County Sheriff's Department*] (Doc. 6); [*Defendants Citizen Tribune, R. Jack Fishman, and Robert Moore*] (Docs. 17 and 23).

Because these defendants have filed responded to the plaintiff's complaint by filing dispositive motions, their motions for a time-extension are now moot and will be DENIED.

C.  **Motion to Separate Trials** [*Defendants James Crumley, Roger Overholt, Gary Kilgore, Morristown Police Department, Christian Newman and Eddie Dilbeck*] (Doc. 10).

The motion for separate trials also will be DENIED as moot, since the motion to dismiss filed by these defendants will be GRANTED.

D.  **Motion for Sanctions** [*Defendant Benjamin Strand*] (Doc. 20).

 Defendant A. Benjamin Strand, Jr., has submitted a Rule 11 motion for sanctions, including monetary damages, and for injunctive relief.  Defendant Strand asserts that, while

acting as General Sessions Judge, he presided over a bench trial and found the plaintiff guilty of stalking.[6]  He suggests that the complaint was filed to harass him and that it contains both false allegations and frivolous claims.  Judge Strand also argues that, as a judicial officer, he enjoys absolute judicial immunity and that the plaintiff was aware of his role as a judge.  He would have the plaintiff be prohibited from filing any further lawsuits against him.

Rule 11, Federal Rules of Civil Procedure, permits a party to file a motion for sanctions separately from other motions and describing the specific conduct alleged.  Fed. R. Civ. P. 11(b).  However, the motion is required to "be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged ... claim ..contention [or] allegation is not withdrawn or appropriately corrected."  *Id.; Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 353, 2005 WL 2033328, * 3 (6th Cir. Aug. 24, 2005) ("[T]he party seeking sanctions must provide 'safe harbor' notice by serving the Rule 11 motion on the opposing party at least 21 days before filling the motion with the district court, and sanctions may only be sought if the offending filing is not withdrawn or corrected within 21 days after service of the motion.") (citing Fed. R. Civ. P. 11(c)(1)(A)).

According to the face of the motion for sanctions, Judge Strand signed it on July 10, 2006; mailed to the plaintiff on July 13, 2006; and, on that same date, filed it with the Court. Since it would have been impossible for the motion to have been served by U.S. Mail before

---

[6] The plaintiff alleges that this defendant "prosecuted [him] falsely May 22, 2005 Hamblen County Justice Center."

it was handed over to the U.S. Postal authorities for mailing, it is logical to conclude that the filing of the motion occurred before the expiration of at least 21 days after it was served on the plaintiff. Thus, because the motion for sanctions does not comply with the 21-day "safe harbor" provision of Rule 11(c)(1) (A), the motion will be DENIED. (Doc. 20).

The defendant's request to enjoin the plaintiff from filing any further litigation against him cuts too broad a swath. Although the Court is authorized to require a prolific or vexatious litigator to obtain prior court approval for filing pleadings, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269-70 (6th Cir. 1998), the plaintiff cannot be barred absolutely from initiating an action in federal court. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). That said, however, the Court can impose pre-filing restrictions, requiring leave of the Court to ensure that any suit tendered for filing is not frivolous or harassing. *Id.*

This is the plaintiff's first claim against this defendant in this Court[7] and, though most of the claims asserted in the complaint are either frivolous or fail to state a claim, the claims against four of the defendants cannot be so described. Thus, it does not appear that the entire complaint constitutes an egregious misuse of the judicial system. If the plaintiff files any subsequent civil rights lawsuit involving the same subject matter (i.e., the stalking and violation of a restraining order convictions) against this defendant, the Court may decide to revisit the issue of pre-litigation restrictions, but, at this time, Judge Strand's request to

---

[7] Nevertheless, the Court takes judicial notice that the plaintiff filed a prior petition for habeas corpus relief, attacking his convictions for stalking and for violation of a restraining order. *Reid v. Purkey*, No. 2:05-cv-186 (E.D.Tenn. 2005 ) (dismissed for failure to exhaust state remedies)

enjoin the plaintiff from filing any further lawsuits against him will be DENIED.

F. **Motion to Amend/Revise** *[Plaintiff Nigel M. Reid]* (Doc. 63).

In the final motion, the plaintiff asks for permission to amend his complaint to add "a clear brake down for damages for relief, supported with a newspaper clipping."  He has submitted a copy of an article, published in the Citizen Tribune on February 23, 2005, and titled, "Council candidate hospitalized."  The article discloses that, according to officials, the plaintiff, a political candidate, was hospitalized at a Knoxville psychiatric facility for further evaluation and treatment. The plaintiff contends that the publication of this article cost him a seat on the City Council and a job with the new Sheriff and that this justifies an award of eleven million, five-hundred thousand dollars in monetary damages.

Though the Court adheres to the policy of "liberality in allowing amendments to a complaint," *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987), if the proposed changes are futile, a motion to amend may be denied.  *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997).  Because the Court has found previously that these defendants are not state actors and that, absent state action, there is no valid § 1983 claim, amending the complaint to add allegations against these defendants would be futile given that they were not acting under color of state law by publishing the article.  Therefore, the plaintiff's motion to amend will be DENIED.  (Doc. 63).

An appropriate order will enter.

ENTER:

_____s/ Leon Jordan_____
United States District Judge