UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| REV. NIGEL M. REID, Sr. | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-40 |
| | ) | |
| OTTO PURKEY, *et al.* | ) | |

**MEMORANDUM OPINION**

Alleging that he was subjected to unconstitutional treatment while he was a prisoner in the Hamblen County Jail, the Reverend Nigel M. Reid, Sr., brings this *pro se* civil rights case under 42 U.S.C. § 1963 against twenty-three defendants—nineteen of whom were dismissed by prior order, pursuant to their dispositive motions. Defendants Otto Purkey, Ronald Inman, Bobby Smith and Danny Laughners,[1] the four remaining defendants, have filed a renewed motion to dismiss as authorized by Rule 12(b) of the Federal Rules of Civil Procedure. [Doc. 66].

In this Rule 12(b) motion, the defendants point out that their motion for a more definite statement was granted [Doc. 65], but that the plaintiff has failed to submit a more specific statement of his claims, as he was ordered to do.[2] They suggest, by reference to their

---

[1] This defendant's surname was spelled "Laughter" in the complaint and "Laughners," "Laughner," "Laugter," and "Laughter" in the defendant's filings. In the memorandum and order, the Court has used the first spelling offered by the defendant.

[2] Though the order granting the motion for a more definite statement did not explicitly set a time limit for the plaintiff's compliance, Rule 12(e) establishes a ten-day response time.

earlier brief [Doc. 53], that, as the complaint stands, it does not provide "any legitimate statement for relief to be granted" and leaves them with nothing to which they reasonably can be expected to respond. The defendants' motion is well-taken.

First of all, the record substantiates that the plaintiff did not file a more specific statement of his claims or otherwise respond to the Court's order. And, though more than one month has passed since the defendants filed this instant motion, pointing out the plaintiff's failure to comply with the order, he did not respond to the defendants' motion either.

More importantly, in deciding the defendants' earlier motion to dismiss, the Court cited to *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957), the preeminent case involving Rule 12(b)(6) motions, for the rule that a complaint should only be dismissed for failure to state a claim "where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Though the claims in the complaint were found to be factually insufficient, when the pleading was viewed together with the plaintiff's opposition filings and in accord with the generous pleading principles applied to *pro se* submissions, it did not appear to the Court that, without a doubt, the plaintiff could prove no set of facts in support of his claims which would entitle him to relief.

However, the Supreme Court has now abrogated the *Conley* precedent upon which this Court relied, explaining in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), that *Conley* described "the breadth of opportunity to prove what an adequate complaint claims,

2

not the minimum standard of adequate pleading to govern a complaint's power." *Id*. at 1969 (underlining added). While a complain need not contain detailed factual allegations, a pleader has a duty to provide the grounds upon which a particular claim rests under Rule 8 of the Federal Rules of Civil Procedure, and this duty compels him to supply, at a minimum, the necessary facts and grounds which will support his right to relief. *Id*. at 1964-65. After this obligation has been fulfilled, a claim may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*., at 1969.

To avoid a dismissal under Rule 12(b)(6), the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. If the pleading does not meet this requirement, the case must be dismissed. If this requirement is satisfied, the plaintiff averts a dismissal and may then offer a set of supporting facts consistent with those in the complaint.

With respect to these defendants, the plaintiff's complaint encompassed the statement of facts which follow.

> Sheriff Otto Purkey and his asst. head Jailer Ronald "Rookie" Inman know from my writen statements and verble complants that officer Bobby Smith, James Coffey pepperd spraye more then one time and was harassed by Brad Crawford in wich happen on or aout 5-9-05-513-2005, Hamblen County Jail. Sex Discrimination age Discrimination (Compl., § IV STATEMENT OF CLAIM, ¶ 1).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. The test to be applied to a prisoner's claim of excessive force is whether the force was used to maintain or restore discipline, or maliciously or sadistically for the very purpose of causing

harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Only the use of the latter type of force violates an inmate's Eighth Amendment right.

Applying *Bell Atlantic* to the complaint at hand, the Court finds that it states no claim against defendant Bobby Smith because, as the Court earlier observed, the mere use of pepper spray against an inmate is not a per se constitutional violation, *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996), and because it contains no allegations of fact which show (or from which to infer) that the chemical agent was employed maliciously or sadistically to harm the plaintiff. Unpleaded facts need not be conjured up by a court to save a complaint from dismissal, *Bell Atlantic*, 127 S. Ct. at 1969; the burden of pleading facts that, if true, will support a constitutional violation lies with a plaintiff. This plaintiff has not carried that burden.

Moreover, as was explained in a prior order, the plaintiff has no constitutional protection from being harassed by a guard. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not amount to punishment under the Eighth Amendment). Thus, the allegations that defendants Purkey and Inman knew that the plaintiff had been subjected to harassment and sprayed with pepper spray more than once fails to state a claim against these defendants also. Certainly, there is not a single factual allegation to show that the defendants engaged in age- or gender-based discrimination against the plaintiff.

There were no contentions of wrongdoing on the part of defendant Laughers in the complaint, and, absent such contentions, no claim has been stated against this defendant either.

Finally, the plaintiff's "Responce" was not incorporated by reference in the complaint nor attached thereto. Presenting a set of facts in his "Responce" to support claims which had not been made out in the complaint will not do. The "Responce" therefore cannot provide the necessary factual allegations which were missing from the complaint and, as *Bell Atlantic* makes clear, cannot serve to salvage an inadequately-pled claim. *Id.* at 1968 (rejecting the idea that a pleading can avoid dismissal by "le[aving] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"). For these reasons, the Court has afforded no consideration to the "Responce" in the above analysis.[3]

Accordingly, given the demise of the *Conley* formulation of pleading requirements, the Court finds that the complaint is factually flawed in the ways described above; that it fails to state a claim against these defendants; and that their motion to dismiss should be and will be granted.

A separate order will enter.

---

[3] Even if the "Responce" were treated as a proposed amendment, it was filed on August 17, 2006—more than one year after the defendants' alleged conduct in May of 2005—and, thus, would be time-barred under the one-year statute of limitations applicable to § 1983 actions in Tennessee.

ENTER:

s/ Leon Jordan
United States District Judge
